## A. B. & N. P. ELLISON *vs.* DANIEL PECK.

### January Term, 1868.

1. Objection in an appellate tribunal that the report of a commissioner on which a decree is based was not retained in the commissioner's office ten days nor filed with the clerk of the court below thirty days before the case was heard, is not well taken, where the decree shows the case was heard on the report, and no exceptions were taken to the same on the hearing.

2. A brings his suit in equity against B., C. and D. to enforce a contract in which the defendants agree to pay the complainant ten per cent. for his services upon such sums as he should recover over and above certain sums named in said contract, which may be adjudged against P. and be recovered of P., to be allowed and paid *pro rata* by each of said defendants to A., as each of said defendants shall recover over and above the sums named in the contract. HELD:

> That it is error in the court below to decree jointly against said defendants. The contract is several and the decrees should be entered against the defendants severally.

In February, 1866, *Daniel Peck*, filed his bill in the circuit court of *Ohio* county, against *Archibald B. Ellison, John A. Ellison*, and *Narcissa P. Ellison*, who were non-residents of the State, and others, defendants residing therein, claiming that said defendants, *Ellisons*, were indebted to him in a large sum of money for services rendered them as an attorney at law, arising out of the following contract:

"Article of agreement, made this 13th day of January, 1857, between *Daniel Peck*, on the one part, and *John A. Ellison, Archibald B. Ellison*, and *Narcissa P. Ellison*, of the other part, witnesseth:

That, whereas, *Robert Patterson*, the guardian of the said *John A., Archibald B.*, and *Narcissa P. Ellison*, has filed his

*Absent from illness.

account as such guardian, in the probate court of *Lawrence* county, and State of *Ohio*, in which he reports himself as indebted to, on the 23d of December, 1856, the said *J. A. Ellison* in the sum of 10,501 dollars and 61 cents; to *Archibald B. Ellison* in the sum of 10,800 dollars and 84 cents, and to the said *Narcissa P. Ellison* in the sum of 7,473 dollars and 50 cents; which accounts are for hearing on the 19th of this month.

Now, it is agreed upon the part of the said *Peck*, that he will attend the said probate court and except to the said accounts, and defend or prosecute the same as may be necessary by appeal or otherwise, and employ and pay counsel to assist, if it be necessary, until the matter is finally disposed of.

That if the said parties of the second part should not be allowed any more, or farther, than by the said account as above stated, then the said *Peck* shall receive nothing for his services or expenses; but if he should prosecute the same to the final termination, then he shall have for his services ten per cent. upon such sums over and above the said sums so reported by the said *Robert Patterson*, which may be adjudged against the said *Patterson*, and be recovered of him, to be allowed and paid *pro rata* by each of the parties, as each shall recover over and above the said several sums; and if the cases be compromised before finally settled, then the said *Peck* to be paid a reasonable fee for his services."

At the March term, 1867, an order of reference was entered in the cause against the defendants, *Archibald B. Ellison, John A. Ellison,* and *Narcissa P. Ellison,* jointly, and a like order against said defendants severally, directing the commissioner to state the amount between the parties and to take further testimony in the cause on either side.

At the May term, 1867, the commissioner reported, and there being no exception to the report, a joint decree against all of said defendants, *Ellisons,* was entered, by which the court found by the written contract between the complainant and the defendants (*Ellisons*), that the said defendants agreed to pay to the complainant ten per cent. upon the amount,

which should be recovered upon their several claims against the said Robert Patterson over and exceeding the several sums allowed them by the final settlement of the accounts of the said Patterson as their Guardian; that said defendants recovered in the case of *A. B. Ellison* against said *Patterson* the sum of 10,406 dollars and 57 cents, the said *J. A. Ellison* the sum of 9,169 dollars and 15 cents, respectively, over the sum allowed in the said account; and that the said *Narcissa P. Ellison* recovered 5,224 dollars and 62 cents over the sum allowed her by the said account; in all amounting to the sum of 24,800 dollars and 34 cents; and that said recoveries were had on the 24th day of May, 1860; that ten per cent. was a reasonable compensation for the services of the complainant in the said cases, and that said cases were afterwards compromised by the said defendants with said *Patterson's* representative, *Andrew Wilson,* before satisfaction was had for the same. The court further found that the ten per cent. amounted to 2,480 dollars, and that the same should bear interest from the 24th day of May, 1860. It was therefore adjudged, ordered and decreed that the plaintiff recover of the said defendants the sum of 2,480 dollars, with interest thereon from the 24th day of May, 1860, till paid, and costs.

From this decree the defendants appealed to this court.

*N. Richardson* for appellants.

*D. Peck* for appellee.

BROWN, President. The first objection taken by the appellants to the decree is, that the report of the commissioner on which the decree is based, was not retained in the commissioner's office ten days, nor filed with the clerk of the court thirty days before the case was heard. Code 1860, chap. 175, sec. 10.

The decree shows the case was heard on the said report, (to which there were no exceptions), and was argued by counsel. The appellants must therefore be taken to have waived all objection on that score at the hearing, and cannot

be heard in the appellate court to raise that objection for the first time. 2 Schoales & Lefroy, 711, *Chamby* vs. *Lord Durany and others.*

By the contract sued on and made an exhibit in the bill, the appellants were to pay the appellee ten per cent. on the amount gained to them, which was to be paid *pro rata* by each, as each should be gainer; and in the event of a compromise, appellee was to be paid a reasonable fee for his services.

The report of the commissioner ascertains the amount due under the contract from the appellants to the appellee to be ten per cent on 24,800 dollars and 34 cents, with interest from the 24th day of May, 1860, to be paid severally and respectively, as follows, to-wit: by John A. Ellison ten per cent. on 9,165 dollars and 15 cents, by Archibald B. Ellison ten per cent. on 10,406 dollars and 57 cents, by Narcissa P. Ellison ten per cent. on 5,224 dollars and 62 cents, with interest thereon respectively from the 24th day of May, 1860, as aforesaid.

The contract is several and not joint; *Ludlow* vs. *McCrea, and others,* 1 Wend., 129; 1 Parsons on Contracts, 11, 14, 22, 24; Story's Eq'ty Pl., sections 447–8. The decree, however, is joint and not several, whereby each is made liable for all. ·

I think, therefore, it is erroneous and should be reversed for that cause, with costs to the appellants, and a decree entered for the appellee against the appellants in severalty, in conformity with said report, for the sums respectively therein found due from each of them, and for costs in that behalf.

MAXWELL, J., concurred.

DECREE REVERSED.