# CHARLESTOWN.

## SANDY v. RANDALL.

Submitted June 12, 1882—Decided August 25, 1882.

1. An objection to a report of a commissioner, upon the ground that the report was not completed and filed the number of days required by the statute before the commencement of the term at which the cause is heard, and on account of which no exception is filed or objection made in the circuit court, will be held to have been waived at the hearing, and cannot be taken in this Court for the first time. (p. 246.)

2. In order to subject a suit brought by one partner against his co-partner to the bar of the statute of limitations, it must not only appear that there has been a dissolution of the partnership more than five years before the institution of the suit, but that there were no valid claims of debit or credit against or in favor of the firm, paid or received, or outstanding, within that time. (p. 247.)

3. While a commissioner's report, if erroneous, may in some cases be objected to at the hearing though no exception is filed to it; yet without such exception it cannot be objected to in an Appellate Court in relation to subjects which may be affected by extraneous evidence. (p. 250.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Marion, rendered on the 4th day of November, 1875, in a cause in chancery in said court then pending, wherein William S. Sandy was plaintiff and Martin M. Randall was defendant, allowed upon the petition of said Randall.

Hon. Charles S. Lewis, judge of the second judicial circuit, rendered the decree appealed from.

The facts are stated in the opinion of the Court.

*James Morrow, Jr.*, for appellant cited the following authorities: Code ch. 104 § 6; 4 Min. Inst. 507; 1 Rob. 79; 1 Gratt. 391; 17 Gratt. 321; 7 W. Va. 585; Acts 1872–3 ch. 138 § 6; Code ch. 129 § 7; 10 Gratt. 526; 18 Gratt. 81; 2 Munf. 285; 14 W. Va. 587.

*W. W. Arnett* for appellee cited   1 Rob. 79; 4 Min. Inst. 507, 509; 1 Gratt 391 and 17 Gratt 321.

SNYDER, JUDGE, announced the opinion of the Court:

This suit was brought, on May 30, 1874, in the circuit court of Marion county by William S. Sandy against Martin M. Randall, for the settlement of a partnership, entered into by the parties about June 1, 1868, for the buying and selling of timber and log-rafts.   The plaintiff avers in his bill that there was no written contract of partnership, but that the verbal agreement was that the parties were to be equal partners, each to furnish one-half of the capital and share equally the profits and losses ; that the partnership continued until about May 3, 1871, at which time it was dissolved, and that the concern lost money; that the defendant failed to furnish his part of the capital and refused to assist in paying off the debts notwithstanding he got and kept most of the money from sales of the social assets; that the plaintiff had paid off most, if not all, the partnership debts, and had repeatedly applied to the defendant for a settlement without success, and that no settlement had ever been made; that the defendant is largely indebted to him and refuses to pay.   He prays for a settlement of the partnership accounts, that the defendant be decreed to pay whatever sum may be found due to plaintiff on such settlement and for general relief.

The defendant answered admitting the allegations of the bill as to the object and terms of the partnership, but denies that it continued until May, 1871, and avers that it ceased to do business, if it was not formally dissolved, within a year after it was formed though no settlement of its affairs had

ever been made. He denies the other allegations of the bill, but unites in the prayer of the plaintiff for a settlement of the partnership accounts.

The cause was referred to a commissioner by whom a settlement and report were made, showing a balance of three hundred and sixty-six dollars and thirty-five cents due from the defendant to the plaintiff as of October 17, 1875. The defendant excepted to said report, and also filed a plea of the statute of limitations in bar of any claim against him by reason of the matters alleged in the plaintiff's bill. Many depositions were taken relating mostly to the character and credibility of the parties and the witnesses in the cause. On November 4, 1875, the court made a final decree by which it overruled the exceptions of the defendant to, and confirmed, the commissioner's report, and ordered that the plaintiff recover from the defendant three hundred and sixty-six dollars and thirty-five cents the amount found due by said report. From this decree the defendant obtained an appeal to this Court.

The first error assigned by the appellant is, that "the court erred in hearing the cause and entering its decree at the October term, 1875, which according to law began on the 18th day of October, the commissioner's report not having been filed until the 22d day of the same month." A sufficient answer to this assignment is, that the defendant, while he excepted to the commissioner's report upon various other grounds, made no exception for the reason that it had not been filed in time for hearing at that term. An objection of this character, which is merely formal and was not made or relied on in the court below, must be held to have been waived at the hearing and cannot be taken for the first time in this Court, especially when it appears that the report was excepted to before the hearing on other grounds—*Ellison* v. *Peck* 2 W. Va. 487.

The second assignment is, that "it was error to ignore the plea of the statute of limitations upon which issue was joined." This plea was filed under the sixth section of chapter 104 of the Code, which provides, that "an action by one partner against his co-partner for a settlement of the partnership accounts   *   *   *   may be brought until the expiration of

five years from the cessation of the dealings in which they are interested together, but not after."

By the terms of this statute the statute of limitations does not commence to run until there has been a cessation of the partnership dealings, and the limitation is five years from that time. If we determine what is meant by the term "dealings" there will be no difficulty in applying the limitation to the facts in any case. If it means the active operations of the partnership carried on before the dissolution the word is very badly chosen, because, if that was intended, the word "dissolution" would have been much more appropriate and left no room for doubt. Such a construction can hardly be deemed reasonable; for many partnerships, involving numerous transactions scattered over many States, and some of them, perhaps, in litigation with other parties requiring a long time to reach a final result, could not by the exercise of the greatest possible diligence be gotten in a condition within four years for a final adjustment between the parties themselves. In such cases the suit would be barred before the cause of action properly accrued. This was certainly not the intention of the Legislature. But the proper construction of this statute is not now an open question. The courts of Virginia in construing a statute identical with this have decided that the word "dealings" embraces any act done after the dissolution of the partnership in winding it up; such as the collection or payment of debts due to or by the firm. *Foster* v. *Rison*, 17 Gratt. 321.

This we regard as the correct interpretation, and the necessary conclusion from it is, that in order to subject the suit to the bar of the statute, it must not only appear that there has been a dissolution of the partnership more than five years before the institution of the suit, but that there were no valid claims of debit or credit against or in favor of the firm, paid or received, or outstanding within that time. For any claim outstanding, paid or collected by either partner would form an item in the account between them and take the case out of the bar of the statute. *Ruffner* v. *Hewitt*, 7 W. Va. 585. The facts in this case abundantly show, that a number of debts due by the partnership were paid off within less than five years prior to the institution of this suit; and, conse-

quently, the court did not err in disregarding the plea of the statute of limitations.

The third and last assignment of error relates to the commissioner's report. In order to comprehend the objections raised by this assignment, it is necessary to give a condensed statement of the account accompanying said report and the exceptions of the appellant filed thereto. The said account of the partnership, leaving out the separate items except the one specially excepted to, and giving the aggregates only, is as follows:

M. M. Randall:

| | | |
|---|---:|---:|
| By cash received for 2 rafts | $530 | 38 |
| By cash received profits on Morgan logs | 40 | 00 |
| | $570 | 38 |
| To amount paid out (sundry items) | 491 | 45 |
| Balance due the firm by Randall | $ 78 | 93 |

W. S. Sandy:

| | | |
|---|---:|---:|
| To amount paid Nathaniel Cochran | $100 | 00 |
| To amount paid (sundry other items) | 779 | 61 |
| | $879 | 61 |
| By cash received for one raft | 358 | 75 |
| Balance due Sandy by the firm | $520 | 86 |
| Thus Sandy has paid out more than he received by. | $520 | 86 |
| Randall has received more than he paid out by | 78 | 93 |
| | 2)$599 | 79 |
| | $299 | 89 |
| Interest from Dec. 1, 1871, to Oct. 17, 1875 | 66 | 46 |
| Amount due from Randall to Sandy | $366 | 35 |

To this report the appellant filed exceptions as follows:

"1st.—The commissioner credits the plaintiff with the sum of one hundred dollars as if paid by plaintiff to Nathaniel Cochran when in fact the testimony shows that said sum of one hundred dollars was paid by the defendant, thus making an error of two hundred dollars in favor of plaintiff and against defendant.

"2d.—Because all claim growing out of said partnership transactions, and all right of action or suit for the same are barred by the statute of limitations.

"3d.—Because, if the right of action or suit growing out of

said partnership is not barred by the statute of limitations, then defendant is entitled to a credit of seventy-seven dollars on account of partnership transaction had in 1871–2, and to a further credit of seventy-five dollars, being one-half of one hundred and fifty dollars, which plaintiff collected since the settlement in 1872—in all one hundred and fifty-two dollars.

4th.—Because it appears plainly from the facts that a settlement was made in 1871–2 between these parties, plaintiff and defendant, and that plaintiff fell in debt to defendant in the sum of seventy-seven dollars, according to defendant's testimony, and forty-four dollars and twenty cents even according to plaintiff's testimony, and that plaintiff, according to his own pretensions, paid this sum of forty-four dollars and twenty cents by giving defendant credit for thirty-one dollars and sixty cents on a store account, and twelve dollars and sixty cents on a note, which completely negatives the pretension that defendant was indebted to plaintiff on partnership transactions.

"5th.—Because said commissioner bases his report chiefly upon the evidence of the witness, Wm. H. Koon, a witness whose testimony is thoroughly impeached, and ought to be excluded from consideration; and

"6th.—Because of divers other causes of exception to said report, apparent, &c."

The second of these exceptions, the one relating to the statute of limitations, has already been disposed of in this opinion. All the others depend upon the sufficiency or insufficiency of the evidence to sustain the report. The testimony is conflicting and a number of depositions were taken to impeach the standing and credibility of the defendant and Koon, the principal witness for the plaintiff. The commissioner has discredited the evidence relied on by the exceptant and rejected the items now claimed by him, and this action of the commissioner has been approved by the circuit court; this Court can not, therefore, hold that there was error in the report, unless the evidence is plainly insufficient to sustain it in the matters excepted to. A careful examination of all the evidence does not bring us to that conclusion. But if this were not so, these exceptions would be held too general and indefinite to point out the errors complained of

with that reasonable certainty required by the rules of chancery practice. *Chapman* v. *P. & S. R. R. Co.*, 18 W. Va. 185; *Peters* v. *Neville*, 26 Gratt. 549.

But it is strongly urged by the counsel for the appellant that the item of one hundred dollars, mentioned in the first exception, should have been credited to the defendant instead of the plaintiff, upon the ground that the plaintiff in his testimony, as it is claimed, admits that this one hundred dollars was paid to Cochran by the defendant, but out of the money charged to plaintiff; and as the plaintiff is not charged with any sum except the three hundred and fifty-eight dollars and seventy-five cents, and does not claim that he paid the one hundred dollars out of this sum, it necessarily follows, as counsel contends, that the one hundred dollars was not paid out of money charged to plaintiff but out of defendant's pocket. The trouble about this proposition is in the premises. The plaintiff in his testimony does not say that this one hundred dollars was not paid out of the three hundred and fifty-eight dollars and seventy-five cents received by him, but he does state positively that he knows this one hundred dollars was paid out of money charged to him; and as the three hundred and fifty-eight dollars and seventy-five cents was charged to him it would be just as logical to conclude that the one hundred dollars was paid out of that sum as that it was not so paid, or that it was paid out of defendant's pocket. This item, like the other matters excepted to, must stand or fall accordingly as the testimony of the one side or the other is credited. And the evidence being conflicting and unsatisfactory, as before stated, this Court will defer to the action of the commissioner and the circuit court.

It is further insisted that there is an error in the commissioner's report as to an item of forty-nine dollars which is therein credited as follows: "Amount paid by Randall to W. S. Sandy at Fairmont forty-nine dollars." It is claimed that this forty-nine dollars should not only be credited to defendant, but it should, also, be charged to plaintiff. It is true that this item does not appear to be charged to the plaintiff and the omission may be an error, but as the propriety and impropriety, and even the fact itself, of such charge might be explained by extrinsic evidence, and as there was

no exception to the report on account of the omission, this Court cannot consider it. Exceptions to a commissioner's report are in the nature of special demurrers, and the party objecting must point out the error, otherwise the part not excepted to will be taken to be admitted. *McCarty* v. *Chalfant*, 14 W. Va. 531. While a commissioner's report, if erroneous, may be in some cases objected to at the hearing, though no exception is filed to it; yet without such exception it cannot be objected to in an Appellate Court in relation to subjects which may be affected by extraneous evidence. *White* v. *Johnson*, 2 Munf. 285; *Estill & Eakle* v. *McClintic*, 11 W. Va. 399; *Hyman, Moses & Co* v. *Smith*, 10 *Id.* 298; *Simmons* v. *Simmons*, 33 Gratt. 451.

There being no error in the report of the commissioner which this Court can consider, and none apparent upon the record, so far as we have been able to ascertain, the decree of the circuit court must be affirmed with costs to the appellee and damages according to law.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.